IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 2:05cr237-A |
| | ) | |
| CAROL JARRETT | ) | |

**DEFENDANT'S MOTION TO SUPPRESS**

**COMES NOW** the Defendant, Carol Jarrett, by and through her undersigned counsel, Jennifer A. Hart, and pursuant to Rules 12 and 41 of the Federal Rules of Criminal Procedure, as well as the Fourth Amendment to the United States Constitution, and moves this Court for an Order suppressing any items seized during the search of Ms. Jarrett's residence and any statements made by Ms. Jarrett during or subsequent to the search, and to prohibit the Government from introducing into evidence any statement made by Ms. Jarrett or any items seized as a result of the search.

**Issues Presented**

1.  Whether the application in support of the search warrant established probable cause to justify the issuance of the warrant?

    -   Was the confidential informant reliable?

    -   Was the information sufficiently corroborated?

    -   Based on the "totality of the circumstances" was there a fair probability of finding contraband at the residence?

1

2.     Whether the officers could in "good faith" rely on the search warrant issued by Judge Reynolds?

**Facts**

On May 28, 2004, Central Alabama Drug Task Force Agent Thomas Reid sought and obtained a Search Warrant from Alabama State Judge Sibley Reynolds for 1554 Shady Trial in Wetumpka, Alabama, Ms. Jarrett's residence. In his affidavit in support of the search warrant, Agent Reid stated that he had probable cause to believe that marijuana and other drug paraphernalia was located at the home of Billy Jarrett, Carol Jarrett's husband. Agent Reid claimed that he had received reliable information from a confidential informant (CI) that marijuana and methamphetamine were stored at and sold from the residence and that CI had witnessed such activity within the past 72 hours.

The only additional fact asserted in the affidavit was that there was a heavy volume of vehicular traffic coming and going from the Jarrett residence on days Mr. Jarrett returned home after traveling out of town. Although, the affidavit does reference a May 2000 controlled drug purchase of methamphetamine from Billy Jarrett at the Jarrett residence, Carol Jarrett submits this information is stale and irrelevant to the probable cause determination in this case.

The affidavit states absolutely nothing to support the affiant's declaration that the CS was reliable. It does not state whether the agent had relied on the informant in the past, whether the informant had provided information that led to the previous issuance of search warrants, arrests, or convictions. It does not state anything at all regarding the Informant's basis of knowledge, his veracity or whether he was paid by law enforcement or was attempting to assist himself with his own

criminal charges. Additionally, the affidavit does not set forth whether the CS even knew Billy or Carol Jarrett or how he knew that the residence he had allegedly been to was theirs. Lastly, it does not include any indication that the CS ever witnessed either Jarrett engaged in illegal activity.

Officers of the Task Force as well as the Elmore County Sheriff's Department executed the search warrant the same day. The officers seized somewhere between 80 and 104 marijuana plants and a shotgun from the residence. Mr. and Mrs. Jarrett were arrested and both face federal charges in this Court. Carol Jarrett is charged with one count of manufacturing in excess of 100 marijuana plants (Count 1) and one count of possession of a firearm during a drug trafficking offense (Count 2).

Because the affidavit in support of the search warrant does not set forth probable cause for the search and there is no *Leon* "good faith" exception to the officer's reliance on the warrant, the search was illegal and any items seized or statements made as a result of the search are due to be suppressed.

**Discussion**

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend IV. In order for the search and seizure of the residence to be constitutional, there must be probable cause for the search. *Illinois v. Gates*, 462 U.S. 213 (1983). Specifically, given the totality of the circumstances, **on its face**, the warrant must demonstrate there is a fair probability that contraband or other evidence of a crime would be found in the residence. *Illinois v. Gates*, 462 U.S. 213 (1983). When the probable cause for the search warrant is based upon

information provided by a confidential informant (CI), the credibility of the CI and the veracity and reliability of the information provided are critical to a determination of probable cause. *Id*; *United States v. Foree,* 43 F.3d 1572. Therefore, the search warrant application must set forth the basis of the informant's knowledge and a recitation of the informant's reliability. *See Foree,* 43 F.3d at 1575-1576*; United States v. Brundidge*, 170 F.3d 1350 (11th Cir. 1999). If no such verification of the reliability is present in the warrant application, the court may look to the details given by the CI and contained within the affidavit to determine the CI's veracity. *Foree,* 43 F.3d at 1576. If relevant, material and sufficient detail are provided by the CI, even without sufficient information regarding the CI's reliability, probable cause may still be found. *Id.*

In this case, the assertions in the affidavit do not establish the reliability of the CI or the information he or she provided. In fact, the affidavit is completely silent on the affiant's basis for his belief that the CI was reliable. Therefore, there was no information upon which the issuing judge could have relied to determination the reliability and veracity of the CI. There is no information at all concerning the circumstances surrounding the illegal activity the CI allegedly witnesses: who was present, what took place, what was bought or sold, to whom and for how much money, etc. Additionally, the officers did nothing to corroborate the information given by the Informant, thus the Informant's veracity and basis of knowledge were required to be demonstrated on the face of the affidavit. *See United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002).

Under the totality of these circumstances, there was not sufficient evidence to support a finding of probable cause. Moreover, not only was there an insufficient basis for issuance of the warrant, but the "affidavit supporting the warrant was 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Martin*, 297 F.3d at 1313 (setting forth

exceptions to *Leon* good faith exception) (quoting *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319 (1979)). Therefore, the officers in this case could not in good faith" rely on the warrant issued by the Magistrate Judge. Accordingly, because the search was illegal, evidence seized as a result of the search cannot be used by the Government to prosecute Ms. Jarrett. *Franks v. Delaware*, 438 U.S. 154, 171 (1978).

**WHEREFORE**, the defendant prays that this Honorable Court conduct an evidentiary hearing to review the facts and circumstances surrounding the search of 1554 Shady Trial in Wetumpka, Alabama on May 28, 2004 and after conducting such hearing, issue an Order granting the motion and suppressing all evidence seized during the search of the residence or as a result thereof. Additionally, any and all statements obtained as a result of the unlawful seizure of the marijuana and the gun are "fruit of the poisonous tree" and are due to be suppressed as well. *See Mapp v. Ohio*, 367 U.S. 643, 654 (1961); *Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963).

Dated this 4th day of January 2006.

Respectfully submitted,

s/Jennifer A. Hart
**JENNIFER A. HART**
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
201 Monroe Street, Suite 407
Montgomery, AL 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
jennifer_hart@fd.org
AL Bar Code: HAR189

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Tommie Hardwick, Assistant United States Attorney.

        Respectfully submitted,

        s/Jennifer A. Hart
        **JENNIFER A. HART**
        FEDERAL DEFENDERS
        MIDDLE DISTRICT OF ALABAMA
        201 Monroe Street, Suite 407
        Montgomery, AL 36104
        Phone: (334) 834-2099
        Fax: (334) 834-0353
        jennifer_hart@fd.org
        AL Bar Code: HAR189